[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11557

_____

D. C. Docket No. 04-01126-CV-J-32MCR

AVALON CARRIAGE SERVICE, INC.,

Plaintiff-Appellant,

versus

CITY OF ST. AUGUSTINE, FL,
MARK LITZINGER,
WILLIAM HARRISS, et al.,

Defendants-Appellees,

STUART GAMSEY,
GAMSEY CARRIAGE COMPANY, INC.,
GAM SAN ENTERPRISES, INC.,
SPIRIT OF ST. AUGUSTINE, INC.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 25, 2009)**

Before BARKETT, PRYOR and FARRIS,[*] Circuit Judges.

PER CURIAM:

This appeal presents the issue whether a local ordinance that regulates the horse-drawn carriage trade and allows the automatic renewal of unused hack permits violates the Commerce Clause, U.S. Const., Art. I, § 8, or the Equal Protection Clause, U.S. Const., Amend. XIV, § 1. Avalon Carriage Service sued the City of St. Augustine, City Manager William Harriss, City Director of Financial Services Mark Litzinger, Stuart Gamsey, and Gamsey's carriage services and alleged that the ordinances and arbitrary permitting practices of the City unduly burdened interstate commerce, intentionally discriminated against Avalon, and violated state and federal antitrust laws. Avalon complained that the ordinances and practices allowed Gamsey to "hoard" most of the available permits even though he did not use all of those permits. The district court granted partial summary judgment against Avalon on the claims under the Commerce Clause and Equal Protection Clause. After a trial on the antitrust claims, the district court entered judgment as a matter of law for the defendants. Avalon then appealed the summary judgment. During the pendency of the appeal, Avalon settled and dismissed its claims against Gamsey and his businesses.

---

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

We agree with the district court that the claim of Avalon under the Commerce Clause fails. The ordinances evenhandedly regulate in-state and out-of-state businesses and serve a legitimate interest of the City, and Avalon has not identified any arbitrary and capricious permitting rules or practices that unduly burden interstate commerce. See Pike v. Bruce Church, 397 U.S. 137, 142, 90 S. Ct. 844, 847 (1970).

We also conclude that the claim of Avalon under the Equal Protection Clause fails. Avalon has failed to establish that the ordinances or permitting practices create an intentional and irrational discriminatory classification. See Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1201 (11th Cir. 2007) (citing Vill. of Willowbrook v. Olech, 528 U.S. 562, 120 S. Ct. 1073 (2000)). That there were limited permits, that Gamsey's permits were renewed in accordance with the ordinances, and that the City refused to revoke and transfer to Avalon what Gamsey legally acquired is not evidence of purposeful discrimination. Even if we were to assume there was discrimination in the decision of the City not to create additional permits, the City had a rational basis for its decision.

The summary judgment is **AFFIRMED.**

3